### J. L. MOTT IRONWORKS v. TOUMEY.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. BANKRUPTCY—DISCHARGE—FIDUCIARY CAPACITY—MISAPPROPRIATION OR DEFALCATION—ASSIGNMENT OF FUTURE EARNINGS.

On purchasing supplies a plumber gave to the seller an order on the property owner on whose premises the materials were to be used, accompanied with a letter, in which he agreed to collect the order out of moneys to be earned by him, and pay it over to the seller. *Held*, that the documents, taken together, constituted an assignment of money to grow due in the future, so that the plumber's failure to pay over after collecting it was a misappropriation or defalcation while acting in a fiduciary capacity, within Bankr. Act July 1, 1898, c. 541, § 17, subd. 4, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428], excepting indebtedness so incurred from the effect of a discharge.

Submitted controversy between the J. L. Mott Ironworks, as plaintiff, and John Toumey, as defendant. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John J. Gleason, for plaintiff.

Ezekiel Fixman, for defendant.

INGRAHAM, J.   The plaintiff has three claims against the defendant, which are based substantially upon the same facts, and for which the plaintiff asks judgment.   The only defense is the discharge of the defendant in bankruptcy, and the question as to whether these claims were discharged is the one submitted for determination.   The plaintiffs, who were manufacturers of plumbing materials in the city of New York, were applied to by the defendant to supply him with materials for carrying out three contracts.   In consideration of the sale and delivery of the materials to the defendant, the defendant executed an instrument directed to each of the persons for whom they were doing the work in which the materials purchased were to be used, and also an agreement in the form of a letter addressed to the plaintiff.   The first instrument addressed to the individual for whom the defendant was doing the work is as follows:

"To H. H. Landon, 19 East 53rd Street.  Please pay to the J. L. Mott Iron Works, New York, Eighty-three & $^{25}/_{100}$ dollars for materials to be furnished by them for your building or buildings and charge the same to me or us.
"John Toumey & Son."

With this instrument there was delivered to the plaintiff a letter as follows:

"To the J. L. Mott Iron Works—Gentlemen:  I or we hereby agree to collect the above order for you and turn the money over to you immediately after having been collected by me or us.
"As soon as you make delivery of the materials, I or we shall proceed with the work with all due despatch so that I or we believe that the collection can be made within 30 or 60 days after delivery.
"Should I or we not be able to make the collection within that time I or we shall report to you the reason why, and continue to keep you posted from time to time at short intervals,
"Yours truly,                          John Toumey & Son."

It is conceded by the defendant that the materials specified in this letter were delivered by the plaintiff to the defendant; that they were used in performing the contract made with the person upon whom the order was drawn, and that the defendant collected from such person a sum of money in excess of that specified in the order; that he has failed to pay any part of the money so collected to the plaintiff; and that subsequent to the collection of this money he has received a discharge in bankruptcy.   It is plain that it was intended that the order should transfer to the plaintiff an amount of money to grow due from the drawee to the defendant, and that by the letter accompanying the draft the defendant undertook to collect the amount represented by the order, and to deliver the amount, when collected, to the plaintiff.   The sole object of these instruments was to change the relation that the defendant would occupy as a debtor to the plaintiff so that the particular amount of money covered by the order would become the money of the plaintiff.   While this draft, standing alone, might not be sufficient to constitute an equitable assignment of a sum of money to grow due to the drawer, taken in connection with the letter by which the defendant undertook to collect the amount of the draft, and, when collected, to pay the money to the plaintiff, there is a clear indication of the intent of the parties by which the money represented by this order was to become.

the property of the plaintiff when collected. It was the particular money that was represented by the order that the defendant undertook to collect and pay to the plaintiff. The order provided that the money was to be paid to the plaintiff, and was to be charged to a specific account which would be due to the defendant on the completion of his contract, against the drawee, and the defendant undertook to collect this amount specified in the draft or order, and to turn the money, when collected, over to the plaintiff. Upon the collection of the amount of the draft by the defendant the identical money collected would, under this agreement, be the money of the plaintiff, and to which the plaintiff was entitled; and, the defendant having collected that money, under his agreement with the plaintiff, as representing the plaintiff, his refusal to turn the money over to the plaintiff in accordance with his obligations was the breach of a fiduciary obligation, and his refusal to account for the money thus received as the money of the plaintiff was a misappropriation or defalcation while acting in a fiduciary capacity, which is excepted from the effect of a discharge in bankruptcy by subdivision 4 of section 17 of the bankrupt law of July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428].

I think, therefore, that the plaintiff was entitled to judgment for the amount specified, with costs. All concur.